<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BIENVENIDO THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>VALENTINA RICHARSON,<br><br>Defendant. | Civil Action No. 23-3534 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>July 7, 2023 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Bienvenido Thompson's ("Plaintiff") Complaint (D.E. 1 ("Complaint")), filed on June 28, 2023, and Application to Proceed *in forma pauperis* (D.E. 1-2 ("IFP application")), filed on the same day, and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating that he is "unable to pay such fees," 28 U.S.C. § 1915(a)(1); and

**WHEREAS** Plaintiff's IFP application indicates that: (1) he is unemployed; (2) he has no assets; (3) his only sources of income are $587.00 per month in retirement benefits and $378.25 in disability payments; and (4) his monthly expenses exceed $1,000. (*See generally* D.E. 1-2.) This Court will therefore allow Plaintiff to proceed *in forma pauperis*; and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). "When considering whether to dismiss a complaint for failure to state a claim pursuant [to] § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under [Rule] 12(b)(6)," *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000))—*i.e.*, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–11 (3d Cir. 2009) (discussing the *Iqbal* standard); and

**WHEREAS** Plaintiff's current Complaint is difficult to decipher but, liberally construed, it appears to assert potential claims under both 42 U.S.C. § 1983 and the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"), due to the deprivation of benefits to which he was entitled under the Supplemental Nutrition Assistance Program ("SNAP"); and

**WHEREAS** a plaintiff asserting a claim under § 1983 for deprivation of procedural due process rights "must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006)).  In addition, "[t]o state a claim under . . . the RA, [a plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019) (citing *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 n.19 (3d Cir. 2009)); and

**WHEREAS** Plaintiff's Complaint fails to provide a clear account of the factual basis for his claims and lacks sufficient information to state a claim under either the RA or § 1983.  To be sure, the Complaint does not allege facts sufficient to identify his protected interest at stake or the process he was allegedly owed, *Mulholland*, 706 F.3d at 238, nor does it indicate whether Plaintiff is a qualified individual who has been excluded from the SNAP program "by reason of his disability" in violation of the RA, *Furgess*, 933 F.3d at 288–89.  Indeed, the Complaint contains only conclusory allegations that Defendant Valentina Richarson[1] ("Defendant") "left [Plaintiff] out of [t]he program SNAP," and generally refers to a February 12, 2023 letter from the State of New Jersey's Department of Human Services ("NJDHS"), which states that Plaintiff's SNAP benefits were reduced due to a change in federal law.[2]  Accordingly, the facts alleged in Plaintiff's

---

[1] This Court notes the discrepancies in the spelling of Defendant's name throughout Plaintiff's submissions.  The spelling of Defendant's name in this Opinion accords with the case caption in the Complaint.  (*See* D.E. 1 at 2.)

[2] The February 12, 2023 letter from NJDHS declares that "NJ SNAP households have been getting additional benefits . . . during the COVID-19 pandemic," and that "[d]ue to a change in Federal law these extra emergency benefits will end in February 2023.  Starting in March 2023, your monthly SNAP benefits will NOT include the extra emergency benefit." (D.E. 1-6 at 1.)  Plaintiff cannot base his Due Process claim on that March 2023 reduction in his SNAP

Complaint are insufficient to support a claim entitling him to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Iqbal*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Twombly*, 550 U.S. at 555 (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); therefore

Plaintiff's IFP Application is **GRANTED**, and the Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**. To the extent Plaintiff's Due Process claim is based on NJDHS's March 2023 reduction in SNAP benefits pursuant to federal law, it is **DISMISSED WITH PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

       /s/ Susan D. Wigenton
   **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       James B. Clark, U.S.M.J.

---

benefits. As the Supreme Court has explained, "[t]he procedural component of the Due Process Clause does not 'impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits." *Atkins v. Parker*, 472 U.S. 115, 129 (1985) (quoting *Richardson v. Belcher*, 404 U.S. 78, 81 (1971)). Thus, "[a] welfare recipient is not deprived of due process when the legislature adjusts benefit levels . . . . [T]he legislative determination provides all the process that is due." *Id.* at 129–30 (second and third alterations in original) (citations omitted). To the extent Plaintiff bases his Due Process claim on NJDHS's March 2023 statewide reduction in SNAP benefits, it is dismissed with prejudice.